**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KATHLEEN M. MINAHAN** | ) | **CASE NO. 07 CV 2505** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **LESCO, INC.,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the parties' Merit Briefs in support of damages (Doc. 85, 86). This case arises out of plaintiff's former employment with defendant LESCO, Inc.

The Court previously granted summary judgment in plaintiff's favor on Count II of her First Amended Complaint for defendants' failure to pay benefits due under a Retention Plan in violation of ERISA. The Court also granted summary judgment to plaintiff on Count III of her First Amended Complaint for defendants' failure to pay attorneys' fees pursuant to an Indemnification Agreement between the parties. The Court granted partial summary

judgment in favor of defendant LESCO on Count II of its Second Amended Counterclaim for plaintiff's breach of two Officers' Agreements.  Plaintiff retained confidential documents on her BlackBerry after her resignation and transferred those documents to and retained them on her personal computer.

For the reasons that follow, the Court finds that plaintiff is owed $418,077.13. LESCO is owed $72,955.21.

**FACTS**

Only those facts relevant to damages are set forth below.

Plaintiff Kathleen M. Minahan brings this action against LESCO, Inc. ("LESCO") and the LESCO, Inc. Employment Retention Plan (the "Plan Defendant" and, together with LESCO, "defendants").

LESCO hired plaintiff as Senior Corporate Counsel on March 15, 2004.  During the course of her employment from March 2004 to May 2007, plaintiff successively took on additional duties, eventually becoming an officer of the corporation.

Pursuant to her employment, she entered into several agreements relevant to the present dispute.  One such agreement was the Indemnification Agreement.  The Indemnification Agreement provides generally that LESCO will indemnify plaintiff against costs reasonably incurred in connection with any action resulting from plaintiff's service as a director or officer.

Plaintiff and LESCO were also parties to two Agreements for Officers, Zone Vice Presidents, Key Executives and National Account (the "Officers' Agreements"). The Officers' Agreements required plaintiff to return all documents containing confidential

2

information to LESCO upon termination of her employment.

Finally, plaintiff and LESCO entered into an Employment Retention Plan (the "Retention Plan").  The Retention Plan provides that eligible employees shall be entitled to certain payments if they experience a "Separation from Service" during a "Change in Control Period" where the Separation from Service was "voluntary and for Good Reason."  Plaintiff and LESCO also entered into an individual Employment Retention Agreement.  While the Retention Plan provides generally for the payment of certain benefits, each eligible employee's individual Employment Retention Agreement sets forth the specific terms of the agreement as to that particular employee.

LESCO merged with Deere & Company on May 7, 2007, effecting a Change in Control.  Plaintiff tendered her resignation that same day.  Defendants failed to provide plaintiff with any severance benefits under the Retention Plan or Employment Retention Agreement.  This suit followed.

As stated above, the Court has found that plaintiff is entitled to payment under the Retention Plan and Employment Retention Agreement.  She is also entitled to payment under the Indemnification Agreement.  LESCO, having prevailed on its counterclaim for breach of the Officers' Agreements, is entitled to contract damages.

The parties now submit briefs in support of their respective claims for damages.  Each brief is opposed.

**DISCUSSION**

The Court will address each of the parties' damages claims in turn.

1.      Count I of Plaintiff's Complaint - Contract Damages

The Retention Plan and Employment Retention Agreement provide that plaintiff is to be paid one and one-half times her annual salary for her Separation from Service after a Change in Control. Her annual salary was $200,000. One and one-half times this salary is $300,000. Defendants do not dispute this portion of the damages award. Thus, the Court finds that plaintiff is owed $300,000 under the Retention Plan and Employment Retention Agreement.

The agreements also provide that plaintiff is to be awarded LESCO's contribution to her Savings Plan and Trust Account. Plaintiff calculates the amount due at $277. Defendants do not dispute this amount.

Third, plaintiff seeks to be compensated for her unused vacation pay. Plaintiff argues she is entitled to $9,231 for unused vacation days. This amount is based upon payment for days she would have accrued from May 8, 2007 through the end of 2007. Plaintiff admits she was paid for the unused vacation days she actually accrued as of the date of her resignation. For the reasons stated in defendants' opposition, the Court finds plaintiff is not entitled to those days she had not yet accrued.

Plaintiff next claims she is entitled to payment for outplacement services up to $25,000. The Retention Plan does, in fact, state plaintiff may be compensated for such services. However, plaintiff failed to avail herself of these services. The Court agrees with defendants that plaintiff is not entitled to payment for services she never used. Plaintiff's argument that she would have used these services but for a good faith belief that defendants would decline to pay for them is unavailing.

Plaintiff seeks reimbursement for $4,690.95 in insurance premiums and medical care.

4

She incurred these costs in the time between her resignation and the commencement of new employment in June 2008. Defendants do not dispute that plaintiff is entitled to this reimbursement. However, defendants argue that plaintiff had a duty to mitigate these damages. They state she was offered a job in October 2007. Plaintiff counters that the job she was offered in October 2007 was not equivalent to either the position she had held at LESCO or the position she eventually accepted. The Court agrees that plaintiff was not obligated to accept that inferior position. She is entitled to full reimbursement for all medical expenses incurred until she was actually employed in June 2008.

Plaintiff seeks $72,339.31 in attorneys' fees incurred in bringing her breach of contract claim. She also seeks escalation. Defendants do not dispute plaintiff's claim for fees. They only argue that she should be prevented from recovering any fees incurred after defendants made an offer to settle on September 30, 2008. Defendants offer no legal support for their position. The Court finds plaintiff is entitled to her attorneys' fees in full.

The Retention Plan states that plaintiff is also entitled to prejudgment interest. Defendants complain that plaintiff initially miscalculated the interest payments by calculating interest on all expenses from the date of her resignation rather than the date she accrued the expenses. Plaintiff submits a revised calculation with her reply brief. The Court accepts plaintiff's revised numbers and finds she is entitled to $28,318.05. The Court arrives at this number by taking plaintiff's calculation of $30,371.68 and subtracting the amount of interest that plaintiff seeks for the outplacement services she never received.

In sum, plaintiff is entitled to $300,000 plus $277 for LESCO's contribution to her Savings Plan and Trust Account, $4,690.95 for medical expenses, $72,339.31 in fees and

5

$28,318.05 in interest.  This totals $405,625.31.

B.     Count III of Plaintiff's First Amended Complaint - Indemnification

Plaintiff seeks indemnification for $12,451,82 for defense against defendants' Counterclaim.  She also seeks escalation.  Her right to indemnification arises out of a contract entered into with LESCO.  Defendants argue that if they are required to indemnify plaintiff for her defense against the counterclaims, the Court will have to reverse its earlier decision on Count III of defendants' Counterclaim for breach of fiduciary duty.  The Court previously held that defendants failed to present evidence they were damaged by plaintiff's alleged breaches of fiduciary duty.  Defendants now argue, without any legal support, that indemnifying plaintiff will amount to "tangible economic damages."  The Court declines to adopt this position.  Defendants are obligated to indemnify plaintiff as a result of the Indemnification Agreement.  They cannot now bootstrap these obligations onto their claim for breach of fiduciary duties.  Plaintiff's contractual right to indemnification does not create damage to LESCO under the tort theory it advanced in Count III of its Counterclaim. Plaintiff may recover for the $12,451.82 in fees incurred in defending against the Counterclaim.

C.     Count II of LESCO's Second Amended Counterclaim - Breach of Contract

Defendants seek $71,680.10, which consists of the attorneys' fees expended in bringing the breach of contract claim.  Defendants have made efforts to allocate fees to the portion of that claim on which they were successful (the Court granted only partial summary judgment on the breach of contract claim, finding merit in one of defendants' grounds for breach but not others).  Plaintiff claims that defendants have not proven the fees incurred

6

were reasonable. The Court disagrees. Defendants may recover $71,680.10.

Defendants also seek post-judgment interest in the amount of $1,275.11. Plaintiff does not oppose this request. Thus, defendants are owed $72,955.21.

Finally, defendants request that the amount due to LESCO be offset against the recovery to plaintiff. However, as plaintiff correctly points out, the Retention Plan explicitly provides that any obligations incurred under the plan shall not be affected by any setoff.

## **CONCLUSION**

For the reasons stated above, the Court finds that plaintiff is owed $418,077.13. LESCO is owed $72,955.21.

IT IS SO ORDERED.

    /s/ Patricia A.Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/5/09